IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMARC GARRETT, #Y27943, | |
| Plaintiff, | Case No. 24-cv-02533-SPM |
| v. | |
| ANTHONY WILLS, USA, and STATE OF ILLINOIS, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Lamarc Garrett, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983, 28 U.S.C. §1331, and the Federal Tort Claims Act, 28 U.S.C. §§1346, 2671-2680. (Doc. 1). This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## DISCUSSION

To survive preliminary review under Section 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff must also associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *Id.* at 555.

The Complaint fails to state a claim because it is unintelligible. Plaintiff includes a random

list of individuals and entities as defendants, including Warden Anthony Wills, the United States, God, Africa, the District of Columbia, International Medical Companies, Industrial Companies, the Country, Bates Oil Fills Mines, and Illinois Government Fulfillment. He describes certain defendants in a derogatory and harassing manner describing one individual as a "porch monkey" and another as a "homosexual." In the statement of claim, Plaintiff provides a list of amendments that he believes have been violated. Next to each amendment is a single line that fails to shed any light on who Plaintiff is intending to sue and for what conduct. For example, he writes:

> Amendment #25 presidential disability and succession
>
> Amendment #26 voting age ret to 18 years
>
> Amendment #27 limiting congressional pay increase I am the congress
>
> Amendment #11 Judicial limits interviewing
>
> Amendment #8 Cruel and unusual punishment bail denied. Trial by Jury in civil cases
>
> Amendment #7 Twenty dollars this is $405.00

(Doc. 1, p. 5). His request for relief is also nonsensical and written in disjointed paragraphs that cannot be followed. Plaintiff includes the following:

> Kill these people…State of Federal God…I'm not walking. Thank me shoot them stab them hang (well that's guilty by federal law) stone them caine [sic] them give me all salaries….
>
> I'm not walking back conspiracy charges dropped I've done all the time. I'm not guilty never was relief is through expunge all records, staff, meds., history and all liars I'm above the law."

(*Id.* at p. 7). The Court cannot make sense of the allegations or discern any viable claims. Because Plaintiff has failed to plead a plausible federal claim, the Complaint does not survive review under Section 1915A.

The usual practice in civil cases is to allow defective pleadings to be corrected. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Here, however, granting leave to

amend would be futile. This is not Plaintiff's first case in this district, and prior to initiating this suit, he was instructed on how to properly state a claim in accordance with Federal Rule of Civil Procedure Rule 8 in another civil action, *Garrett v. Korando,* No. 24-cv-0189-SMY, Doc. 19 (S.D. Ill. *filed on* Aug. 2, 2024). Since receiving these instructions in *Garrett v. Korando*, Plaintiff has continued to file disorganized and incoherent complaints in his civil cases. *See Garrett v. Korando,* Doc. 29; *Garrett v. Williams,* 25-cv-00098-JPG, Doc. 6, 18 (S.D. Ill. *filed on* Jan. 23, 2025) (dismissing the case for failure to comply with the court's instructions to file a legible complaint that references defendants and their individual misconduct); *Garrett v. Wills,* No. 25-cv-00052-NJR, Doc. 9 (S.D. Ill. *filed on* Jan. 14, 2025) (dismissing complaint for failure to comply with Rule 8 and granting leave to amend). Thus, there is no evidence to suggest that Plaintiff would cure deficiencies and draft a coherent and cogent pleading if granted another opportunity to replead his claims. Accordingly, the Court will not grant leave to amend. The Complaint and this entire action are dismissed with prejudice.

## DISPOSITION

The Complaint (Doc. 1) and this entire case are **DISMISSED with prejudice** for failure to state a claim for relief. Plaintiff is **ADVISED** that this dismissal shall count as a "strike" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil

Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 7, 2025**

                                            _s/Stephen P. McGlynn_
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**